**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ANTHONY WASHINGTON,** | § | |
| **TDCJ No. 1458201,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| **V.** | § | **CIVIL NO. SA-15-CA-63-XR (JWP)** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

**ORDER**

The matter before this Court is the status of this case.  Petitioner Anthony Washington, currently an inmate at the TDCJ's Hughes Unit in Gatesville, Texas, has filed this federal habeas corpus action pursuant to 28 U.S.C. Section 2254 challenging his loss of recreation, commissary restriction, and reduction in line classification resulting from TDCJ prison disciplinary case no. 20120055282 brought against Petitioner when he was an inmate at the TDCJ's Connally Unit in 2011.  For the reasons set forth below, Petitioner's federal habeas corpus petition will be dismissed as untimely and without arguable merit.

**I. Background**

In his federal habeas corpus petition, Petitioner alleges (1) he was charged in TDCJ prison disciplinary cause no. 20120055282 with assaulting an officer and found guilty on November 17, 2011 and (2) as a result of his conviction, he lost forty-five days of commissary privileges and recreational privileges and  had his line class status reduced.  Petitioner argues (1) there was insufficient evidence to support the disciplinary hearing officer's finding of guilt, i.e., there were no

photographs of the officer's injuries or any medical records substantiating the alleged injuries introduced into evidence, (2) investigating officers failed to timely notify Petitioner of the charge, thereby preventing Petitioner from investigating the charge and preparing a defense, (3) the hearing officer denied Petitioner's request to have the charging officer present during the hearing, and (4) the witness who testified against Petitioner at the hearing contradicted her own testimony.  Petitioner does not allege he lost any good conduct time credits as a result of this disciplinary proceeding.

Petitioner's federal habeas corpus petition identifies Petitioner's current incarceration as the product of conviction for robbery.  The TDCJ's web site and Petitioner's federal habeas corpus petition agree Petitioner is serving a 12-year sentence for robbery in Tarrant County cause 1045787D.  Under Section 508.149(a)(11) of the Texas Government Code, Petitioner is not eligible for release on mandatory supervision, i.e., Texas law provides TDCJ inmates convicted of robbery are ineligible for release on mandatory supervised release. *Tex. Govt. Code Ann.* § 508.149(a)(11)*.*

## II. Federal Habeas Corpus Actions Challenging Prison Disciplinary Proceedings

Federal habeas corpus relief under Section 2254 is the appropriate remedy when a prisoner seeks to challenge the fact or duration of his physical imprisonment.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002) ("when a prisoner is eligible for mandatory supervised release, and when prison disciplinary proceedings result in a change in good-time earning status that extends the prisoner's release date, the prisoner's petition challenging such proceedings falls within § 2254."); *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (holding Section 2254

was the appropriate vehicle for a Texas prisoner challenging a loss in good conduct time earning status which extended the date for the petitioner's release to mandatory supervision).

It is well settled that, when a state creates a right to good conduct time credits which reduce the duration of a prisoner's imprisonment and recognizes deprivation of such credits as a sanction for misconduct, the prisoner possesses a real substantial "liberty" interest in the lost credits which is embraced with the Fourteenth Amendment's Due Process Clause such that minimum procedures appropriate under the circumstances (including (1) advanced written notice of the claimed violation, (2) written explanation of the evidence relied upon and the reasons for the disciplinary decision, and (3) within reasonable limits the ability to call witnesses and present documentary evidence in his defense) are required to insure the state-created right is not arbitrarily abrogated. *Wolff v. McDonnell*, 418 U.S. 539, 557, 563-66 (1974); *Malchi v. Taylor*, 211 F.3d at 959 ("when a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated."); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding the same).  The initial problem with Petitioner's federal habeas corpus petition is that Petitioner does not allege any facts showing that he lost good time credits as a result of prison disciplinary cause no. 20120055282.

The second problem with Petitioner's federal habeas corpus petition is Petitioner complains only about losses of recreational and commissary privileges and about a reduction in Petitioner's classification level.  The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Sandin v. Connor*, 515 U.S. 472,

478 (1995); *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  The "liberty" interests which are protected by the Due Process Clause are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause, nonetheless impose atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life.  *See Sandin v. Connor*, 515 U.S. at 484-86 (holding prisoner's placement in solitary confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest); *Madison v. Parker*, 104 F.3d at 767 (holding liberty interests protected by the Due Process Clause are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner).  Petitioner's complaints about the loss of commissary and recreational privileges and his reduction in line status do not impact the duration of petitioner's imprisonment and do not implicate any protected constitutional liberty interests.  *See Sandin v. Connor*, 515 U.S. at 484-86 (holding prisoner's placement in solitary confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest); *Madison v. Parker*, 104 F.3d at 767 (holding liberty interests protected by the Due Process Clause are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner).

Loss of good conduct time credits by Texas prisoners eligible for release on mandatory supervised release (both those convicted before and after Texas' September 1, 1996 amendment to its mandatory supervision statutes) sufficiently affects the duration of their imprisonment as to warrant Due Process Clause protection. *Teague v. Quarterman*, 482 F.3d 769, 774-77 (5th Cir. 2007).  This is because, "mandatory supervision in Texas is 'the release of an eligible inmate

sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division.'" *Teague v. Quarterman*, 482 F.3d at 774; *Malchi v. Thaler*, 211 F.3d at 957; *Madison v. Parker*, 104 F.3d at 768. Any loss of good conduct time credits by a prisoner eligible for mandatory supervised release implicates the "liberty" interests protected by the Dupe Process Clause. *Teague v. Quarterman*, 482 F.3d at 779-80 ("The TDCJ–CID must afford its inmates procedural due process before depriving them of *any* good-time credit."). If a Texas prisoner is ineligible for mandatory supervised release, however, there is no federal constitutional claim for relief may be granted. *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002). Petitioner is not eligible for mandatory supervised release. Therefore, he is not entitled to relief under Section 2254.

### III. Untimeliness of Petition

According to Petitioner's federal habeas corpus petition, TDCJ prison disciplinary action 20120055282 was decided December 16, 2011. The grievance forms attached to Petitioner's federal habeas corpus petition indicate Petitioner's grievances complaining about the outcome of TDCJ prison disciplinary action 20120055282 were denied at Step One on December 16, 2011 and at Step Two on February 15, 2012.

"Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a state prisoner has one year to file a federal petition for habeas corpus relief, starting from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' 28 U.S.C. § 2244(d)(1)(A)." *Wood v. Milyard*, ___ U.S. ___, ___, 132 S. Ct. 1826, 1831, 182 L. Ed. 2d 733 (2012). The "AEDPA provides for a one-year limitation period during which a state prisoner may seek federal habeas review of his judgment of conviction, running,

in this case, from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' 28 U.S.C. § 2244(d)(1)(A)." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).   Petitioner's disciplinary action became final, and his limitation period began to run, not later than February 15, 2012, the day Petitioner's Step Two grievance was denied.  The AEDPA's one-year deadline for the filing of Petitioner's federal habeas corpus petition expired not later than February 15, 2013.  Petitioner's undated federal habeas corpus petition was received by the Clerk of this Court on January 20, 2015.

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the AEDPA's one-year statute of limitation commences to run from the latter of the date Petitioner's conviction became final and the date the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence.  *Manning v. Epps*, 688 F.3d 177, 189-90 (5th Cir. 2012), *cert. denied*, ___ U.S. ___, 133 S. Ct. 1633, 185 L. Ed. 2d 620 (2013).  Petitioner alleges no specific facts showing he was unaware of any of the facts giving rise to his claims herein prior to February 15, 2013.  Equitable tolling does not apply to Petitioner's claims herein.

Petitioner filed his state habeas application not earlier than January 14, 2015, i.e., the date on which Petitioner requested the certified copy of petitioner's TDCJ inmate trust account statement which is attached to Petitioner's application for leave to proceed In Forma Pauperis (ECF no. 2) in cause no. SA-15-CA-63-DAE, which IFP application was received by this Court the same date as Petitioner's incomplete IFP application and federal habeas corpus petition herein.  Petitioner did not file his federal habeas corpus petition within the AEDPA's one-year limitations period, which expired in February, 2013.  The Supreme Court has made clear a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, ___ U.S. ___, ___, 133 S. Ct. 1924, 1931, 185 L. Ed. 2d 1019 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner alleges no specific facts showing why he failed to take any action between February 14, 2012 and January 14, 2015 to present any court with his complaints about TDCJ prison disciplinary action 20120055282. The Supreme Court has held that ordinary negligence or excusable neglect by a petitioner's attorney does not warrant equitable tolling of the AEDPA's limitations period. *Holland v. Florida*, 560 U.S. at 651-52; *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). The Fifth Circuit has repeatedly held neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013); *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir.), *cert. denied*, 552 U.S. 1064 (2007); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

Petitioner has alleged no facts showing any equitable basis exists for excusing petitioner's failure to timely file his federal habeas corpus application. Petitioner alleges no facts showing he demonstrated diligence in pursuing federal habeas corpus relief premised upon the grounds included in Petitioner's federal habeas corpus petition in this Court. The grounds raised by Petitioner are premised exclusively upon events of which he admits he possessed actual notice not later than February 15, 2012. Petitioner alleges no facts showing he was ever misled by any state court, state prison official, or by this Court with regard to the deadline for the filing of his federal habeas corpus petition. Nor has Petitioner alleged any facts showing any external impediment precluded or

prevented him from timely filing his federal habeas corpus petition.  Under such circumstances, Petitioner has failed to allege any facts showing he is entitled to equitable tolling of the AEDPA's one-year statute of limitations in this cause.  *See Pace v. DiGuglielmo*, 544 U.S. at 418 ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); *Palacios v. Stephens*, 723 F.3d at 604 (holding a federal habeas petitioner seeking to obtain the benefit of equitable tolling must establish (1) he pursued habeas relief with "reasonable diligence" and (2) some "extraordinary circumstances" stood in the way or "prevented" timely filing); *Sutton v. Cain*, 722 F.3d at 316.

> "As a general rule, equitable tolling operates only in rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir.2002) (alteration, citations, and internal quotation marks omitted).  "Equitable tolling thus applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (citations and internal quotation marks omitted).  "As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.* (citation and internal quotation marks omitted).

*Sutton v. Cain*, 722 F.3d at 317.

Here, Petitioner waited until almost two years after the one-year deadline for filing his federal habeas corpus petition expired to seek federal habeas corpus relief.  Such delay is the antithesis of "reasonable diligence." *See Palacios v. Stephens*, 723 F.3d at 606 (holding delays of four to six months negate a finding of reasonable diligence).  Nor has Petitioner alleged any specific facts showing that any external impediment or "extraordinary circumstance" prevented him from timely filing his federal habeas corpus action herein during the AEDPA's one-year limitations period.

8

Petitioner is not entitled to the benefits of equitable tolling in this cause.  Petitioner's Section 2254

petition is untimely and properly subject to summary dismissal under §2244(d).

## IV. CERTIFICATE OF APPEALABILITY

The AEDPA converted the "certificate of probable cause" previously required as a

prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a

"Certificate of Appealability" ("CoA"). *See Hill v. Johnson*, 114 F.3d 78, 80 (5th Cir. 1997)

(recognizing the "substantial showing" requirement for a CoA under the AEDPA is merely a change

in nomenclature from the CPC standard); *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997) (holding

the standard for obtaining a CoA is the same as for a CPC).  The CoA requirement supersedes the

previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions

filed after the effective date of the AEDPA. *Robison v. Johnson*, 151 F.3d 256, 259 n.2 (5th Cir.

1998), *cert. denied*, 526 U.S. 1100 (1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.

1997), *cert. denied sub nom. Monroe v. Johnson*, 523 U.S. 1041 (1998).  Effective December 1,

2009, Rule 11(a) of the Rules Governing Section 2254 Cases in United States District Courts

requires this Court to issue or deny a CoA when it enters an order adverse to a federal habeas corpus

petitioner.

Under the AEDPA, before a petitioner may appeal the denial of a habeas corpus petition filed

under Section 2254, the petitioner must obtain a CoA. *Miller-El v. Johnson*, 537 U.S. 322, 335-36,

123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); 28 U.S.C. §2253(c)(2).  Likewise, under the

AEDPA, appellate review of a habeas petition is limited to the issues on which a CoA is granted. *See*

*Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding a CoA is granted on an issue-

by-issue basis, thereby limiting appellate review to those issues); *Jones v. Cain*, 227 F.3d 228, 230

n.2 (5th Cir. 2000) (holding the same); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted). In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone. *Crutcher v. Cockrell*, 301 F.3d at 658 n.10; *Lackey v. Johnson*, 116 F.3d at 151; *Hill v. Johnson*, 114 F.3d at 80; *Muniz v. Johnson*, 114 F.3d at 45; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Miller-El v. Johnson*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).

To make such a showing, the petitioner need not show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v. Dretke*, 542 U.S. at 282; *Miller-El v. Johnson*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. at 484; *Barefoot v. Estelle*, 463 U.S. at 893 n.4. This Court is required to issue or deny a CoA when it enters a final Order such as this one adverse to a federal habeas petitioner. *Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts*.

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court disposed of the claim. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Johnson*, 537 U.S. at 338 (*quoting Slack v. McDaniel*, 529 U.S. at 484); *Accord Tennard v. Dretke*, 542 U.S. at 282.  In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. at 484 (holding when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

Reasonable minds could not disagree over this Court's conclusions that (1) Petitioner's federal habeas corpus petition is untimely under §2244(d),  (2) Petitioner is not entitled to the benefits of the doctrine of equitable tolling in this case, and (3) Petitioner's federal habeas corpus claims are foreclosed by the facts (a) Petitioner did not lose any good conduct time credits and, alternatively, (b) Petitioner is not eligible for release on mandatory supervision. *See Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.) (holding ignorance of the law, even for an incarcerated pro se petitioner, does not excuse prompt filing under the AEDPA's one-year statute of limitation), *cert. denied*, 531 U.S. 1035 (2000).  Petitioner is not entitled to a Certificate of Appealability on any of his claims herein.

**V. ORDER**

**Accordingly, it is hereby ORDERED that:**

1.  The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2.  Petitioner's federal habeas corpus petition, filed January 20, 2015 (ECF no. 1) is **DISMISSED WITH PREJUDICE** as untimely and without arguable merit pursuant to 28 U.S.C. §2244(d) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

3.  Petitioner is **DENIED** a Certificate of Appealability on all his claims herein.

4.  All other pending motions are **DISMISSED** as moot.

5.  The Clerk shall send a courtesy copy of this Dismissal Order and the Final Judgment in this cause to the Texas Attorney General and counsel for the Director, directed to the attention of Edward Marshall, Assistant Attorney General, Chief of Postconviction Litigation Division, and Laura Haney.

It is so ORDERED.

SIGNED this 28th day of January, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE